**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DIVISION)**

UNITED STATES OF AMERICA,
        Plaintiff

VS                                                 Case No. 2:19CR20078-001

CHUNQIU WU,
        Defendant

**SENTENCING MEMORANDUM**

COMES NOW defendant above named, by and through her attorney Carl E. Cornwell, and hereby submits this Sentencing Memorandum on defendant's behalf.

IN SUPPORT of said request, defendant, through counsel, states as follows:

1. That the defendant is set for sentencing on the 21st day of December, 2020 at 3:00pm.

2. The presentence investigation places the defendant in an offense level of 12 and a criminal history of I. The sentencing range is 10 – 16 months which places the defendant in Zone C of the sentencing table.

3. It is defendant's request that she not be required to serve any penitentiary time, but rather, be given a probationary period of not less than1 or more than 5 years as set out in paragraph 71 of the presentence report.

4. Paragraph 72, however, indicates that she is not eligible for probation because she is in Zone C.

1

5. It's defendant's position that the entire guidelines, including the sentencing provisions, have been ruled unconstitutional and the Court can use its discretion in arriving at an appropriate sentence.

6. If the Court, however, is of the opinion that probation is inappropriate, then defendant asks the Court to grant her a term of supervised release of 5 years as set out in paragraph 69.

7. The prosecution, in its plea agreement, agreed to recommend to the Court, that the defendant be sentenced at the low range of 10 months.

8. The Court, as always, is directed to *18 U.S.C.§ 3553* to determine the factors to be considered in imposing a sentence.  Under subsection (1), the Court looks at the nature and circumstances of the offense and the history and characteristics of the defendant.  The offense here was an attempt to transport an individual in interstate commerce for the purpose of engaging in prostitution and sexual activity for which any person could be charged with a criminal offense, namely Kansas statutes annotated §21-6420(promoting prostitution).  The defendant is charged in the Johnson County District Court, 2019CR2917.

9. As the Court can see from the presentence investigation, the defendant has no significant criminal history, is a United States citizen and has accepted her responsibility for this allegation.

10. Under 18 U.S.C. § 3553 (2), sets out 4 separate categories for the Court to consider in arriving at a need for the sentence imposed:

A) *the sentence needs to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.* As to those statements, the defendant was convicted of having conversations with a confidential source, used by the FBI and law enforcement. There were conversations with this confidential source and the defendant and on the day when she was arrested, by federal authorities, she was on the way to the airport to pick up the confidential source. While the defendant and the undersigned as her attorney, note the seriousness of the offense and there is a need to promote respect for the law, counsel states to the Court that the overall facts of the Federal case and the State case concern a crime as old as humanity. If she is sentenced to the penitentiary, nothing is going to stop somebody else to come forward and fill the void. As to just punishment, the defendant will have a federal felony on her record that can't be expunged, she will have to register as a sex offender and will be on supervised release/probation for as long as the Court wants to set.

B*) is used to afford adequate deterrents to criminal conduct.* As previously stated, this crime is as old as humanity and sentencing the defendant to any incarceration is not going to deter anybody else.

C) *is used to protect the public from further crimes of the defendant.* The defendant, as part of any supervised release or probation conditions, will not be allowed to be involved in any of these types of endeavors. She has certainly learned from this, has suffered from this. She would not be involved in anything that would harm the public.

D) *is used to provide the defendant with needed educational, vocational training, medical care or other correctional treatment in the most effective manner*.  There is nothing in the federal system that's going to educate, give her vocational training, she doesn't need medical care or any other correctional treatment.

11.  What does await her if she is sentenced to any in-custody time, is COVID-19.  The undersigned represented a defendant in this Honorable Court in September, 2020.  She was given self-surrender; she did surrender and now has COVID.  She is trying to work through a release program but she is in quarantine and not doing well.  There is no need to fashion any kind of sentence that requires the defendant to serve custody time.  There is not a facility that hasn't been affected or is not going to be affected.  Core Civic, where many federal pre-trial detainees are housed, also has COVID.

12.  It's the undersigned's opinion that the Court can fashion a sentence that meets all of the requirements of *U.S.C. § 3553*.  A fine, home confinement, community service, counseling and any other requirement the court would think appropriate.

Respectfully submitted,

 */s/ Carl E. Cornwell*
CARL E. CORNWELL #9049
142 North Cherry
Olathe, Kansas 66061
913-254-7600 PHONE
carl@carlcornwell.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of December, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

      */s/ Carl E. Cornwell*
      Carl E. Cornwell #9049