IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>            **Plaintiff,**<br><br>    v.<br><br><br><br>**CHUNQIU WU**<br>    **a/k/a Kelly**<br><br>            **Defendant.** | Case No. 19-20078-JAR |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, hereby responds in opposition to the defendant's sentencing memorandum. The defendant seeks a downward variance in order that she should not be required to serve any time in custody. The basis for the request is that the defendant does not have a significant criminal history, and the risks related to the COVID-19 pandemic.

### FACTS

This defendant earned her living for many years from the sexual exploitation of women. The defendant had ownership interests in at least three massage parlors that were publically known to provide customers with certain sexual acts. Undercover police officers confirmed that sexual acts were offered by the women employed by the defendant. The women working for the defendant lived at a house owned by the defendant, and the defendant often transported the therapists back and forth between the residence and her parlors. The defendant was fully aware

of, and profited from, the illegal sexual activity that occurred at her parlors. The defendant recruited women to work for her performing sexual acts, but was careful not to discuss them on the phone. She advised a confidential source, "I can't tell you my thoughts over the phone, but if she has worked here before, then she should know how we work here."  She also told the source, "We do it all." However, she cautioned the source that the add on services could not be "over the top" or "too excessive."

## ARGUMENTS AND AUTHORITIES

**COVID-19 Risk**

The defendant claims she should not be sentenced according the advisory guidelines because of the risk of COVID 19. The United States, among most other countries, is currently responding to a global pandemic concerning the novel coronavirus COVID-19.   As the court is aware, the existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not, alone provide a basis for early release from prison. Likewise, it alone should not provide a basis for a downward variance.  *United States v. Raia*, 954 F.3d 594, 597 (3rd. Cir. 2020)("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release.")

In response to the pandemic, the Bureau of Prisons, (BOP) has taken significant measures to protect the health of the inmates in its charge.  As of this pleading, BOP has 124,353 federal inmates in BOP-managed institutions and 13,934 in community-based facilities. The BOP staff complement is approximately 36,000.  There are 6,043 federal inmates and 1,693 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 27,112 inmates and

2,510 staff have recovered.  There have been 167 federal inmate deaths and 2 BOP staff member deaths a to COVID-19 disease. Of the inmate deaths, 4 occurred while on home confinement[1]

The current modified operations plan is stated in full at https://www.bop.gov/coronavirus/covid19_status.jsp.  Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in a BOP institution.  BOP has pledged to continue monitoring the pandemic and to adjust its practices as necessary to maintain the safety of prison staff and inmates while also fulfilling its mandate of incarcerating all persons sentenced or detained based on judicial orders.

Thus COVID-19 should not serve as a basis to reduce the defendant's sentence.

**Section 3553 (a) Factors**

This Court must consider whether a variance is warranted in this case.  Accordingly, the court must consider (1) the defendant's personal history and characteristics; (2) her sentence relative to the nature and seriousness of her offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a)(1)–(6).

In this case the defendant plead guilty to attempting to transport an individual across state lines for the purpose of engaging in prostitution. As noted in the Presentence Report, the defendant engaged in a business which sexually exploited women for her profit, and she was involved in that conduct for many years.  She was cited for having no license for her massage parlor as far back as 2013.  The sentence in this case should reflect the serious nature of this

---

[1] https://www.bop.gov/coronavirus/(last visited December 17, 2020).

3

offense and promote respect for the law. A sentence at the low end of the properly calculated guideline range is sufficient by not greater than necessary to fulfill the sentencing objectives in this case.

## CONCLUSION

For the reasons set forth above, the defendant's request for downward variance should be denied.

       *s/Kim I. Flannigan*
KIM I. FLANNIGAN, #13407
Assistant United States Attorney
500 State Ave., Suite 360
Kansas City, KS  66101
Tele:  (913) 551-6730
Fax:   (913) 551-6541
kim.flannigan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the above-captioned case.

       *s/Kim I. Flannigan*
KIM I. FLANNIGAN
Assistant United States Attorney

5